UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALEX L. HALE, </br>    Plaintiff, | ) </br> ) </br> ) |
| v. | ) CAUSE NO.: 3:24-CV-330-JVB-APR </br> ) |
| T. CORNETT, *et al.*, </br>    Defendants. | ) </br> ) |

**OPINION AND ORDER**

Alex L. Hale, a prisoner without a lawyer, filed a complaint for money damages against Unit Team Manager T. Cornett, Sgt. Henrich, and Smith. [DE 1]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hale alleges that, on December 13, 2023, Sgt. Henrich and Smith searched his cell and located a voodoo doll. They notified Unit Team Manager T. Cornett, and she instructed the officers to confiscate the voodoo doll. Hale indicates he is a voodooist. The chaplain was unable to provide him with religious materials, so he purchased his own books about voodooism and made a voodoo doll out of commissary goods. He alleges that Henrich, Smith, and Cornett violated his religious rights under the First Amendment and the Religious Freedom Restoration Act of 1993 ("RFRA") by confiscating his voodoo doll. In response to a grievance, Hale was told that the voodoo doll was confiscated because it was made from state issued jumpsuits [DE 1-1] at 1.

1

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the Supreme Court of the United States has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

Here, materials submitted with Hale's complaint indicate that the doll was confiscated because he created it with state issued property. Confiscation of a voodoo doll because it violates a neutral rule of general applicability preventing the destruction and misuse of state issued property does not violate the First Amendment. Hale has not pled facts from which it can be plausibly inferred that the confiscation of his voodoo doll violated the First Amendment.

Hale also asserts that the confiscation of the voodoo doll violated RFRA. That statute, however, has been declared unconstitutional as applied to state and local governmental entities and their employees. *See City of Bourne v. Flores*, 521 U.S. 507 (1997). Nevertheless, the Congress subsequently enacted the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which affords broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. §

2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). RLUIPA, however, does not permit a suit against an individual for money damages. *See Nelson v. Miller*, 570 F.3d 868, 886-87 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149-50 (7th Cir. 2019). Nor does it allow for money damages against the state. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Because the relief Hale seeks is unavailable, he may not proceed on a claim pursuant to RLUIPA.

This complaint does not state a claim for which relief can be granted. If Hale believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) **GRANTS** Alex L. Hale until **April 11, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Alex L. Hale if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 7, 2025.

                                                     s/ Joseph S. Van Bokkelen  
                                                   JOSEPH S. VAN BOKKELEN, JUDGE  
                                                   UNITED STATES DISTRICT COURT