UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALEX L. HALE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-330-GSL-APR |
| T. CORNETT, et al., | |
| Defendants. | |

OPINION AND ORDER

Alex L. Hale, a prisoner without a lawyer, filed an amended complaint for money damages against Unit Team Manager Tracy Cornett, Sgt. Henrich, and Sgt. Smith. ECF 25. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hale's amended complaint alleges essentially the same facts as his earlier complaint. ECF 1; ECF 25. Hale identifies as a practitioner of Voodooism. He alleges that, on December 13, 2023, Sgt. Henrich, Sgt. Smith, and Unit Team Manager T. Cornett confiscated his Voodoo doll. He was not provided with a confiscation slip, as required

by I.D.O.C. policy.[1] He further alleges that, on February 27, 2024, UTM Cornett, to cover up the error made in confiscating the Voodoo doll, falsely claimed that Hale identified as Jewish and that the Voodoo doll was confiscated because it was made from state-issued property.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the Supreme Court of the United States has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

Confiscation of a Voodoo doll because it violates a neutral rule of general applicability preventing the destruction and misuse of state issued property does not violate the First Amendment. While Hale asserts that UTM Cornett lied when she claimed the Voodoo doll was made of state issued property, Hale offers no further explanation whatsoever. The court already told Hale that it cannot be plausibly inferred

---

[1] To the extent Hale is attempting to state a claim based on the alleged policy violation, he cannot proceed. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

2

that the confiscation of his Voodoo doll violated the First Amendment based on his conclusory allegation that the officer's claim is untrue. *See* ECF 19 at 1-2. The amended complaint again makes only conclusory allegations. Therefore, Hale may not proceed on a First Amendment claim.

While the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), affords broader protections than the First Amendment, it does not permit a suit against an individual for money damages. *See Nelson v. Miller*, 570 F.3d 868, 886-87 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149-50 (7th Cir. 2019). Nor does it allow for money damages against the state. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Because the relief Hale seeks is unavailable, he may not proceed on a claim pursuant to RLUIPA.

The amended complaint, like Hale's earlier complaint, is short on facts. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is

entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Hale has already had one opportunity to amend his complaint, and the amended complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 7, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT